MILLARD COUNTY DRAINAGE DIST. NO. 3 v. MELVILLE, County Auditor.

No. 4005.   Decided July 5, 1923.   (217 Pac. 975.)

DRAINS—DUTY OF COUNTY AUDITOR TO ISSUE TAX DEED TO CERTIFICATE HOLDER OF SALE FOR DELINQUENT DRAINAGE TAXES AT EXPIRATION OF PERIOD OF REDEMPTION. By Comp. Laws 1917, § 2058, as amended by Laws 1921, c. 47, taxes levied by a drainage district attach to and become a lien on the real property assessed, and the revenue laws for assessment, levying,

and collection of taxes are applicable to taxes levied in such district, and hence it is the duty of the county auditor to issue a tax deed to the holder of a certificate of sale for delinquent drainage taxes at the expiration of the period of redemption.

Original application for mandamus by Millard County Drainage District No. 3 against W. D. Melville, as Auditor of Millard County.

· WRIT ORDERED TO ISSUE.

*J. A. Melville, Jr.,* and *Soule & Spalding,* all of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *A. L. Larsen,* of Delta, for defendant.

GIDEON, J.

This is an original application in this court praying for a writ of mandate to be directed to W. D. Melville, as county auditor of Millard county, this state, requiring said auditor to issue to petitioner a tax deed for land sold for delinquent taxes of the plaintiff drainage district levied against land mentioned in the petition in the year 1918. Millard drainage district No. 3 is referred to in the petition as a quasi municipal corporation organized under title 26, Comp. Laws Utah 1917.

To the petition the defendant has filed a general demurrer, alleging that the petition fails to state facts sufficient to constitute a cause of action. The organization of the district, the ownership of the property described in the petition, the levy of the tax, the delinquency of the tax, and the subsequent sale are admitted by the demurrer. In the month of December, 1918, the tax levied by the petitioner not being paid, the property was offered for sale by the county treasurer, and no bid being received for the same the property was struck off to Millard county and a tax certificate issued for the sale of said property. Thereafter, on June 20, 1921, for a valu-

able consideration, Millard county assigned the certificate of sale and all right and title thereunder to the petitioner, Millard county drainage district No. 3. On April 9, 1923, more than four years after the date of the sale, the petitioner presented the tax sale certificate to the auditor and requested the execution of a tax deed. At the same time it tendered to the auditor the fees required by law for the execution of such a deed. The auditor refused to execute and deliver any tax deed and assigned as his reason therefor that the same premises had been sold for delinquent state, county and school taxes for the year 1918, and that said property had been assessed each year thereafter and such taxes were still delinquent; that the property was sold in the year 1918 to Millard county for delinquent state, county, and school taxes, had not been redeemed, and a tax deed had been issued to said county on failure to redeem from such tax sale.

Section 2058, Comp. Laws Utah 1917, being a part of title 26, known as the ''Drainage Act,'' provides:

"All drainage taxes levied and assessed under the provisions of this title shall attach to and become a lien on the real property assessed from and after the second Monday in March. Drainage taxes shall become due and delinquent at the same time and shall be collected by the same officers and in the same manner as state and county taxes, and when collected shall be paid to the treasurer of the board of supervisors."

That section as amended by chapter 47, Laws Utah 1921, further provides that—

"The revenue laws of the state for the assessment, levying and collecting of taxes on real estate for county purposes, except as herein modified, shall be applicable for the purposes of this act, including the enforcement of penalties and forfeitures for delinquent taxes; provided, that lands sold for delinquent district taxes shall be sold separately for such tax and a separate certificate of sale shall issue therefor."

This section further provides for the publication of the delinquent list, the offering for sale by the county treasurer, and the making of a record of the sale by such county treasurer. Then follows:

"In absence or default of purchaser at any such public sale of drainage district taxes, the drainage district in which taxes are delinquent may purchase upon the same terms as any individual

purchaser the real estate upon which drainage district taxes are delinquent and shall hold the same in the same manner as a county or an individual may hold lands upon which state or county taxes are delinquent, subject to the same rights of redemption. In all respects, a drainage district shall be the beneficiary of taxes assessed and levied by it. *  *  *"

. It will be seen from the foregoing provisions of the statute that the taxes levied attach to and become a lien on the real property assessed; that the revenue laws of the state for the assessment, levying and collection of taxes are applicable to the taxes levied in such drainage district.

Much of counsel's brief and argument is devoted to the priority or superiority of the lien created by the general levy for state, county, and school purposes over those levied by authority of a drainage district. We refrain from considering or determining that question in this proceeding. As we view it, it is the plain duty of the county auditor, under the statute, to issue a tax deed to the holder of a certificate of sale for delinquent drainage taxes at the expiration of the period of redemption. That there may be outstanding certificates of sale for state, county, or school taxes, or tax deeds for such delinquent taxes, is immaterial so far as the duty of the defendant is concerned. That the petitioner is the holder of a tax certificate is admitted by the demurrer, and the date of the redemption of the property described in that certificate has expired. It is therefore entitled, under the provisions of the statute, to a tax deed so stating or certifying.

It is ordered that the writ of mandate as prayed for issue, each party to bear its own costs.

WEBER, C. J., and THURMAN and CHERRY, JJ., concur.

FRICK, J., did not participate herein.